IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORRAINE BEGAY and NICOLE BEGAY,
individually and on behalf of Isabelle Pecos,

      Plaintiffs,

v.                                              No. 1:24-cv-1223-MLG-KRS

ALLSTATE FIRE AND CASUALTY
COMPANY,

      Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the parties' Joint Motion to Approve Minor Settlement ("Motion") (Doc. 25). On August 14, 2025, the parties filed a motion announcing a settlement and seeking the appointment of Alysan Boothe Collins as Guardian ad Litem for the minor plaintiff. (Doc. 20). The Court granted the motion, and Ms. Collins filed her Report on September 11, 2025. (Docs. 21, 23). The parties filed the present Motion on September 16, 2025, and the presiding judge referred the Motion to the undersigned on October 30, 2025. (Docs. 25, 26). The Court held a remote fairness hearing via Zoom on December 4, 2025, at which counsel for all parties, the Guardian ad Litem, and Plaintiff Nicole Begay (mother of the minor Plaintiff). appeared. (Doc. 31) (Clerk's Minutes). Based on Ms. Collins's Report and the testimony delivered at the hearing, the Court finds that the settlement is fair and in the best interest of the minor Plaintiff, and recommends approval of the settlement.

The Court reviews settlements involving minor children and incapacitated persons for fairness. *See Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 30, 664 P.2d 1000 ("In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the

minor child."), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 1992-NMSC-056, 838 P.2d 971. In reviewing whether a proposed settlement is fair, reasonable, and adequate, the Court considers "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). The Court also considers whether the settlement is in the best interests of the minor. *Id.*

Plaintiffs were injured in a motor vehicle accident and recovered damages for those injuries in state court from the insurer of the party at fault for the accident. Plaintiffs seek further recovery under an uninsured/underinsured benefits insurance policy issued by Defendant Allstate Fire and Casualty Company. During the December 4, 2025 fairness hearing, the Guardian ad Litem testified that she believes the settlement agreement was fairly and honestly negotiated, and that she has no concerns with it. Furthermore, for the reasons described more fully in her Report, the Guardian ad Litem opined that the settlement is fair and reasonable and in the minor Plaintiff's best interests, and recommended that the Court approve the settlement. (Doc. 23). The Court confirmed at the hearing that Nicole Begay, the minor Plaintiff's mother, has sole custody over the minor and authority to enter into the settlement agreement on the minor's behalf. The Court also confirmed that Nicole Begay is aware that the settlement of this matter would forever bar any claims or suits by Plaintiffs, including the minor child. Having considered the terms of the proposed settlement, the evidence presented at the hearing, and the Guardian ad Litem's report, the Court finds that the settlement is fair, reasonable, and in the minor Plaintiff's best interests. Consistent with the factors set out in *Jones*, the Court finds that: (1) the proposed settlement was fairly and honestly

negotiated; (2) serious questions of law and fact exist placing the ultimate outcome of the litigation in doubt; (3) the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the settling parties agree that the settlement is fair and reasonable. Accordingly, the Court recommends as follows:

1. The settlement, as outlined in the Guardian ad Litem's Report, (Doc. 23), be approved as being fair, reasonable, and in the best interest of the minor Plaintiff.

2. The Joint Motion to Approve Minor Settlement (Doc. 25) be granted.

3. The funds be distributed as outlined in the Guardian ad Litem Report (Doc. 23).

4. The Guard ad Litem be discharged of her duties.

5. Closing documents be filed within thirty (30) days after the filing of an Order adopting these Proposed Findings and Recommended Disposition.

This 9th day of December 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**